UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARMEN CARTER-LAWSON,          ) <br>     plaintiff                                            ) <br>                                              ) <br>     v.                                         ) <br>                                              ) <br> CITY OF GARY, INDIANA, and OFFICER  ) <br> ANTONIO JOHNSON,                 ) <br>     defendants                                      ) | Civil No. 2:18-cv-309 |

## Amended Complaint

**A.     Preliminary statement**

1. The plaintiff alleges discrimination, including harassment and retaliation, directed at her by a Gary police officer because of her status as a transgender female and her prior claim against a Gary police officer and the Gary Police Department.

**B.     Jurisdiction**

2. Because the plaintiff alleges harassment, retaliation, invasion of privacy, and denial of equal access to public municipal facilities in violation of the first and fourteenth amendments to the U.S. Constitution, her cause of action is based on 42 U.S.C. § 1983.

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**C.     Parties**

4. At the time of the incident at issue in this case, plaintiff was a resident of Gary, Lake County, Indiana.

5. Defendant City of Gary is a municipal entity under the laws of the State of Indiana and it is responsible for the challenged actions of its agents, including defendant Johnson, taken in accordance with municipal policy.

1

6. Defendant Officer Johnson is a male police officer employed by the City of Gary, and he was on duty as a police officer when he engaged in the challenged actions.

**D.     Factual allegations**

7. On or about January 26, 2018, Carmen Carter-Lawson, the plaintiff, went to the Gary Police Department, 555 Polk Street, Gary, Indiana for the purpose of meeting with a deputy prosecuting attorney, and upon entering the building she decided to utilize the first-floor women's restroom.

8. While Carter-Lawson was in the restroom, defendant Johnson knocked loudly on the door, demanded that she leave the restroom immediately because she did not belong there, and made loud derogatory comments, within the hearing range of others in the lobby, questioning whether she had a "full sex change."

9. After Carter-Lawson asked to speak to a supervisor of Johnson, she was told to wait in the public lobby, where officer Johnson continued to make derogatory comments about her based on her gender.

10. After waiting 5-7 minutes in the lobby, Carter-Lawson was instructed to go to the fourth floor to meet with Officer Coulter, Officer Johnson's supervisor. During the meeting with officers Coulter and Johnson, Johnson admitted to the actions described by Carter-Lawson but continued his aggressive actions and comments directed at Carter-Lawson, causing her to request that she be excused.

11. Carter-Lawson's efforts to resolve this matter through the Gary Police Department complaint process have been unsuccessful and, to her knowledge, no disciplinary action has been taken against Officer Johnson.

12. Carter-Lawson believes the challenged actions of Officer Johnson, and the failure of the Gary Police Department to take seriously her allegations against him, were motivated, at least in part, by her earlier litigation in this court, (Case No. 2:16-cv-00040), alleging an unlawful arrest and abusive harassment related to her sexual identity.

13. The challenged actions of the defendants were taken in reckless and/or callous indifference to Carter-Lawson's federally protected constitutional rights, and have caused serious mental and emotional distress, as well as embarrassment, and have made it difficult, if not impossible, for her to obtain a position as a police officer as well as other meaningful employment. In addition, the challenged actions have caused her to move out of Lake County.

**E.     Legal claim**

14.  The challenged actions of the defendants violate the first and fourteenth (due process and equal protection clauses) amendments to the U.S. Constitution.

**F.     Relief**

Wherefore, the plaintiff requests:

a. a declaratory judgment determining that the challenged actions of the defendants violate federal law, as set out in ¶ 14, above;

b. equitable relief requiring the defendants to take all reasonable measures to correct publicly-available records relating to the incident at issue in this case;

c. compensatory damages, and punitive damages from the individual defendant, in an amount to be determined by the jury;

d. costs, including attorney fees, pursuant to 42 U.S.C. § 1988; and

e. pursuant to Rule 54(c), FRCP, all other appropriate relief.

**G.     Jury demand**

Pursuant to Rule 38(b), FRCP, the plaintiff demands trial by jury.

/s/ Ivan E. Bodensteiner
Ivan E. Bodensteiner - #3528-64
Attorney for Plaintiff
7 Napoleon Street
Valparaiso, IN 46383
(219) 242-3058
ieblaw@frontier.com

Certificate of Service

I certify that the above Amended Complaint was served electronically on counsel for the defendants, through the court's CM/ECF system, on the 18th day of December 2018.

/s/ Ivan E. Bodensteiner_____
Ivan E. Bodensteiner
Attorney for Plaintiff