UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARMEN CARTER-LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:18 CV 309 |
| | ) |
| ANTONIO JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on plaintiff's motion for partial summary judgment. (DE # 30.) For the reasons that follow, plaintiff's motion will be denied.

## I. BACKGROUND

On January 26, 2018, plaintiff Carmen Carter-Lawson, a transgender woman, went into the women's restroom at the City of Gary Police Department. (DE # 31-1 at 2, 5.) Defendant Antonio Johnson was employed by the City of Gary as a security officer and was working at the front desk of the police department. (DE # 33-1 at 4.) A female employee for the City of Gary approached Johnson and told him that "a male went into the lady's restroom." (DE # 31-2 at 3.) She asked Johnson, "can you go over there and get the man out of the bathroom?" (*Id.* at 5.) Johnson testified that he did not know to whom the employee was referring. (DE # 33-1 at 19.) Johnson also testified that he had seen Carter-Lawson before, and recognized her. (DE # 31-2 at 5-6.) He testified that, at the time, he believed that Carter-Lawson was male. (*Id.* at 6.)

According to Carter-Lawson, before she could use the facilities she heard a knock on the door and when she opened the door, she was met by Johnson. (DE # 31-1 at 7-9.) Johnson then asked, "What are you doing? You know you ain't supposed to be in here." (*Id.* at 9.) Carter-Lawson testified that Johnson stated, "You know you ain't got that fixed. You ain't got that changed down there. You know, you still got that thing down there. You can't be using this bathroom. Come on out of this bathroom." (*Id.*)

According to Johnson, when Carter-Lawson opened the door, he believed that Carter-Lawson was male because he thought she was dressed "like a male." (DE # 33-1 at 11, 14.) Johnson testified that Carter-Lawson was wearing a t-shirt and blue jeans. (*Id.*) According to Johnson, he told Carter-Lawson, "if you ain't been done like that, you got to go over here. You have to use the male's restroom." (DE # 33-1 at 10.) Johnson testified to the following:

> Q. Okay. So what happened then after you - - you knocked on the door and told her to come out of the restroom and use the other one?
>
> A. No. I didn't tell her to come out of the restroom. I told her - - I said, "If you haven't been, you have to use the restroom over there." I didn't tell her to come out of the bathroom.
>
> Q. You said, "If you haven't" - -
>
> A. I didn't say the whole. I put my hands up like that (indicating.)

(DE # 31-2 at 10-11.) Johnson testified that after he said, "If you ain't been done like that, you got to go over here. You have to use the male's restroom," he sat back down at his desk and Carter-Lawson left the bathroom to speak with his supervisor. (*Id.* at 10.)

2

As a result of this incident, plaintiff filed the present suit against Johnson and the City of Gary. Plaintiff's amended complaint alleges that defendants are liable for violating her rights to due process and equal protection of the law. (DE # 22.) Plaintiff now moves for partial summary judgment, on the question of liability. (DE # 30.) The motion is fully briefed and is now ripe for ruling.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after an adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law. The party pursuing the motion must make an initial showing that the agreed-upon facts support a judgment in its favor." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (internal citation omitted).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012); *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).

3

"[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. "Where, as here, the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Id.*; *see also Reserve Supply Corp. v. Owens-Corning Fiberglass Corp.*, 971 F.2d 37, 42 (7th Cir. 1992). "If the movant has failed to make this initial showing, the court is obligated to deny the motion." *Hotel 71 Mezz Lender LLC*, 778 F.3d at 601. "A party opposing summary judgment does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance." *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 662 (7th Cir. 2011).

### III. ANALYSIS

Plaintiff's amended complaint alleges claims for violations of her due process and equal protection rights. (DE # 22 at 3.) However, in her motion for summary judgment, she did not make any argument regarding her due process claim. Accordingly, the court will address plaintiff's equal protection arguments only.

Plaintiff's amended complaint also alleges claims against the City of Gary. (*Id.*) However, plaintiff does not address her claims against the City in her motion for summary judgment. While she addresses these claims in her reply brief, arguments

4

raised for the first time in a reply brief will not be considered. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *Bodenstab v. Cty. of Cook*, 569 F.3d 651, 658 (7th Cir. 2009).

The court next turns to plaintiff's equal protection claims against Johnson. "The Equal Protection Clause of the Fourteenth Amendment 'is essentially a direction that all persons similarly situated should be treated alike.' It therefore, protects against intentional and arbitrary discrimination." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1038–55 (7th Cir. 2017) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Plaintiff's brief focuses on the level of scrutiny that must be applied to her claims of sex discrimination and harassment. However, before reaching the question of the appropriate level of scrutiny, plaintiff must first "prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001); *see also Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). "To prove discriminatory effect, [] plaintiffs are required to show that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that plaintiffs were treated differently from members of the unprotected class." *Chavez*, 251 F.3d at 636. "Discriminatory purpose means more than simple knowledge that a particular outcome is the likely consequence of an action; rather, discriminatory purpose requires a defendant to have selected 'a particular course of action at least in part 'because of' . . . its adverse effects upon an identifiable group.'" *Alston*, 853 F.3d at 907 (7th Cir. 2017) (internal citation omitted).

Carter-Lawson has failed to establish that the evidence as to discriminatory effect and discriminatory intent is so one-sided as to rule out the prospect of a finding in favor of Johnson on these claims. *See Anderson*, 477 U.S. at 254. After a thorough review of the parties' arguments and the record, the court concludes that the evidence, viewed in a light most favorable to Johnson, reveals genuine issues of material fact, including but not limited to the question of whether Johnson harassed and/or discriminated against Carter-Lawson because she is transgender. It is up to a fact-finder, and not this court, to assess the credibility of the evidence. Therefore, the court must deny plaintiff's motion for summary judgment.

## IV.  CONCLUSION

For these reasons, the court **DENIES** plaintiff's partial motion for summary judgment. (DE # 30.) The court **ORDERS** the parties to file a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by **October 15, 2020**. A trial date will be set under a separate order.

                                                **SO ORDERED.**

Date: September 25, 2020

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT